IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS B. SERFASS, | : | CIVIL ACTION |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT MOONEY, | : | NO. 13-6157 |
| SUPERINTENDENT, SCI COAL | : | |
| TOWNSHIP, et al., | : | |
|    Respondents. | : | |

## ORDER

AND NOW, this 20th day of June 2014, upon consideration of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Doc. No. 10) and Petitioner Thomas B. Serfass's Objections thereto (Doc. No. 11), and upon independent review of Serfass's Application for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1), it is hereby ORDERED as follows:

1. The Report and Recommendation (Doc. No. 10) is APPROVED and ADOPTED.

   This Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Serfass objects to two aspects of the Report and Recommendation. First, he claims that he was sentenced under an unconstitutionally vague statutory provision. (See Serfass's Objs. 2–6, Doc. No. 11.) Second, he argues that his sentence violates the Eighth Amendment's prohibition of cruel and unusual punishments. (Id. at 7–8.)

   The Superior Court of Pennsylvania has considered and rejected both of these claims. See Commonwealth v. Serfass, No. 2842 EDA 2011, slip op. at 5–8 (Pa. Super. Ct. Aug. 17, 2012) (available at Doc. No. 9-22). Habeas relief is therefore available to Serfass only if the Superior Court's analysis "either 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court,' or was founded on an 'unreasonable determination of the facts.'" Collins v. Sec'y of Pennsylvania Dep't of Corr., 742 F.3d 528, 543 (3d Cir. 2014) (quoting 28 U.S.C. § 2254(d)). A state-court decision involves an unreasonable application of Supreme Court precedent if the state court "identifies the correct governing legal rule from [the

Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000).

Serfass's first claim is that the following sentencing provision is void for vagueness:

> A person under 60 years of age convicted of the following offenses when the victim is over 60 years of age and not a police officer shall be sentenced to a mandatory term of imprisonment as follows: . . . 18 Pa.C.S. § 3922 (relating to theft by deception)--not less than 12 months, but *the imposition of the minimum sentence shall be discretionary with the court where the court finds justifiable cause* and that finding is written in the opinion.

42 Pa. Cons. Stat. § 9717(a) (emphasis added). The Superior Court rejected this argument because "[t]he fact that the dissent [in Commonwealth v. Littlehales, 915 A.2d 662 (Pa. Super. Ct. 2007)] read [§ 9717(a)] differently does not prove a 'void-for-vagueness' claim."[1] Serfass, No. 2842 EDA 2011, slip op. at 5. Magistrate Judge Caracappa recommends that we deny Serfass's claim because the Superior Court's "finding is not contrary to, nor does it involve an unreasonable application of, the federal [void-for-vagueness] standard." (Rep. & Recommendation 9, Doc. No. 10.)

We agree with Magistrate Judge Caracappa that Serfass's void-for-vagueness claim is meritless because he had notice that his conduct could subject him to mandatory one-year sentences. See Martinez v. Stridiron, 538 F. App'x 184, 190 (3d Cir. 2013) ("[A] sentencing provision is unconstitutionally vague if it fails to give notice that the punishment imposed is one of the possible penalties." (citing Gov't of Virgin Islands v. D.W., 3 F.3d 697, 699 (3d Cir. 1993)); see also United States v. Batchelder, 442 U.S. 114, 123 (1979) ("[V]ague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute."). The Superior Court held in 2007 that § 9717(a) imposes a one-year mandatory minimum where the sentencing court determines that "'justifiable cause' exists to impose the sentence." Littlehales, 915 A.2d at 665 (emphasis omitted). This holding put

---

[1] The majority and dissent in Littlehales disagreed over whether "the trial court must justify in writing the *imposition of* the mandatory minimum sentence, or whether the trial court must justify the *imposition of less than* the mandatory minimum sentence." 915 A.2d at 668 (Joyce, J., concurring in part and dissenting in part). The majority adopted the first of these two interpretations. Id. at 665.

Serfass on notice that he would be subject to a one-year mandatory minimum if (1) he committed theft by deception against a person older than 60 who was not a police officer, and (2) the sentencing court found justifiable cause to impose the mandatory one-year sentence.[2]  Thus, while a reasonable person in Serfass's position might not have known with certainty whether the one-year mandatory minimum would be applied to him, he would know that his "'conduct put[] [him] at risk of punishment under the statute.'"  United States v. Moyer, 674 F.3d 192, 211 (3d Cir. 2012) (quoting San Filippo v. Bongiovanni, 961 F.2d 1125, 1136 (3d Cir. 1992)).  The Superior Court of Pennsylvania did not unreasonably apply Supreme Court precedent when resolving Serfass's void-for-vagueness claim.

Serfass's second claim is an Eighth-Amendment challenge to his sentence.  He argues that his incarceration lacks penological justification because it prevents him from earning the money he needs to pay his victims back.  (See Serfass's Objs. 7–8.)  The Superior Court rejected this claim because Serfass failed to "establish[] that his sentence of ten to twenty years for his twenty-six crimes is grossly disproportionate."  Serfass, No. 2842 EDA 2011, slip op. at 7.  And Magistrate Judge Caracappa recommends that we deny the claim because the Superior Court's decision was not contrary to, or an unreasonable application of, federal law.  (See Rep. & Recommendation 11.)

We find that Serfass "fails to show a gross imbalance between the crime and the sentence."  United States v. MacEwan, 445 F.3d 237, 248 (3d Cir. 2006).  "[T]he Eighth Amendment does not demand strict proportionality between the crime and the sentence; rather, it forbids only those sentences that are 'grossly disproportionate' to the crime."  Id. (quoting Ewing v. California, 538 U.S. 11, 23 (2003)).  Serfass "received over $676,000.00 from twenty-five individuals, all over the age of 60," by convincing his victims "to purchase private annuities, life insurance policies, or asset protection policies," and then "used the money for personal purposes."  Commonwealth v. Serfass, No. 1136 EDA 2010, slip op. at

---

[2] We do not reach Serfass's claim that his sentence was imposed in violation of the Supreme Court's holding in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) (holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury").  (See Serfass's Objs. 4–6.)  Serfass's failure to exhaust this claim in state court prevents us from considering it.  See Heleva v. Brooks, 581 F.3d 187, 189 (3d Cir. 2009) ("One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of the claims he wishes to present to the district court.").  Serfass also waived this argument by failing to present it to Magistrate Judge Caracappa.  See Local R. Civ. P. 72.1.IV.(c) ("[U]nless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge.").  We note, however, that "Alleyne cannot be applied retroactively to cases on collateral review."  United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014).

1–2 (Pa. Super. Ct. Dec. 14, 2010) (available at Doc. No. 9-14). The state court sentenced Serfass to between 10 and 20 years of imprisonment after discussing, among other things, "the need to protect the community from [Serfass's] predatory schemes, [Serfass's] specific targeting of elderly individuals, and [Serfass's] lack of a realistic plan to compensate the victims." Id. at 8. The Superior Court correctly determined that this sentence is not grossly disproportionate to Serfass's crimes.

2. Serfass's Application for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) is DENIED.

3. A certificate of appealability SHALL NOT issue.

4. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.